UNITED STATES OF AMERICA,

                              Plaintiff,

          - versus -

TYRONE GRIMES,

                              Defendant.

ORDER

98-CR-420 (JG)

JOHN GLEESON, United States District Judge:

       Tyrone Grimes moves for a modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 750 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). For the reasons explained below, the motion is denied.

## BACKGROUND

       Grimes is currently serving a sentence of 420 months, imposed on October 29, 1999. Grimes's Guidelines range at the time of sentencing was life,[1] which was based on a total offense level of 48 and a Criminal History Category of IV. Grimes's base offense level was 38, based on the court's finding that Grimes was responsible for the sale of more than 1.5 kilograms of crack cocaine. *See* U.S.S.G. § 2D1.1 (1999); Sentencing Trans. at 11-12. Added to the base offense level were (1) a two-level enhancement pursuant to U.S.S.G. § 2D1.2(a)(1) for his distribution of narcotics near a school;[2] (2) a two-level enhancement pursuant to U.S.S.G. §

---

[1]    The court downwardly departed from that range pursuant to U.S.S.G. § 5K2.0, citing the defendant's extraordinary family circumstances (two infant sons with severe asthma requiring oxygen machines); the unusual circumstances of the plea agreement (the government offered a charge bargain with an 8-year maximum sentence that Grimes wanted to accept but could not because his co-defendants rejected the "global" plea agreement); and absence of proof or even allegations that Grimes was involved in violence or threats of violence.

[2]    Technically, § 2D1.2(a)(1) increased Grimes's *base* offense level by two levels – from 38 to 40. However, because it facilitates clearer discussion and does not affect the end result, I will refer to Grimes's base

2D1.1(b)(1) for his possession of a firearm during and in relation to the drug trafficking conspiracy; (3) a four-level enhancement pursuant to U.S.S.G. § 3B1.1(a) for his leadership role; and (4) a two-level enhancement pursuant to § 3C1.1 for his false testimony at trial.

In 2011, the United States Sentencing Commission adopted Amendment 750 to the Guidelines Manual, which reduced the base offense levels applicable to most crack cocaine offenses. *See* U.S.S.G., App. C, Amend. 750 (eff. Nov. 1, 2011) (amending, *inter alia*, the drug quantity table in U.S.S.G. § 2D1.1(c)); *see also id.* Amend. 759 (making Amendment 750 applicable retroactively). Now, a defendant must be responsible for the sale of at least 8.4 kilograms of crack cocaine to trigger a base offense level of 38 – the highest level provided for in the drug quantity table. *See* U.S.S.G. § 2D1.1(c). A quantity between 2.8 and 8.4 kilograms produces a base offense level of 36, and a quantity between 840 grams and 2.8 kilograms leads to a base offense level of 34. *Id.* Thus, the minimum quantity required to trigger a base offense level of 38 in 1999 – 1.5 kilograms – now produces a base offense level of only 34. *Id.*

DISCUSSION

A. *The Governing Legal Standards – 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10*

18 U.S.C. § 3582(c) prohibits a court from modifying a term of imprisonment after it has been imposed except, *inter alia*, that

> in the case of a defendant who has been sentenced to a term of
> imprisonment based on a sentencing range that has subsequently
> been lowered by the Sentencing Commission pursuant to 28 U.S.C.
> 994(o), upon motion of the defendant or the Director of the Bureau
> of Prisons, or on its own motion, the court may reduce the term of
> imprisonment, after considering the factors set forth in section
> 3553(a) to the extent that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by the
> Sentencing Commission.

---

offense level as the offense level produced by the drug quantity table in § 2D1.1(c), and the two-level increase based on § 2D1.2(a)(1) as an enhancement.

18 U.S.C. § 3582(c)(2).

The Sentencing Commission's applicable policy statement appears in U.S.S.G. § 1B1.10(a), which provides that where "the guideline range applicable to [a defendant serving a term of imprisonment] has subsequently been lowered as a result of an amendment to the Guidelines Manual . . . ,[3] the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." The same subsection is explicit, however, that "[a] reduction in the defendant's term of imprisonment is *not* consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2) if . . . [the Guidelines amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (emphasis added).

Subsection (b) makes clear that in determining whether Amendment 750 has the effect of lowering Grimes's applicable Guidelines range, the court must "substitute only [Amendment 750] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). In other words, a defendant is eligible to have his sentence modified only if the amended guideline produces a lower sentencing range than did the guideline under which he was sentenced, while holding constant all other computation decisions made at the time of sentencing. This restriction on my ability to modify a sentence is mandatory, as § 3582(c)(2) "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010).

---

[3] Not all amendments are covered by this policy statement. Subsection (c) enumerates the amendments to which this policy statement applies; Amendment 750 (in relevant part) is among them. *See* U.S.S.G. § 1B1.10(c).

B.	*Application to Grimes's Sentence*

Grimes is not eligible for a sentence modification pursuant to 18 U.S.C. § 3582(c)(2), because applying the amended guideline to him does not have the effect of lowering his applicable Guidelines range. The court found at the time of Grimes's sentencing that he was responsible for selling an amount of crack cocaine that "far exceed[ed]" 1.5 kilograms. Sentencing Trans. at 12. Even crediting the possibility that Grimes was responsible for only 1.5 kilograms exactly, Grimes's base offense level under the amended guideline would be 34. *See* U.S.S.G. § 2D1.1(c). Preserving all other Guidelines computation decisions requires me to add 10 levels to this base offense level (as I did when Grimes was originally sentenced), producing a total offense level of 44. A total offense level of 44 combined with a Criminal History Category of IV produces a Guidelines range of life – the same range that applied when Grimes was originally sentenced.

## CONCLUSION

Because the applicable amended range is not lower than Grimes's original range, Grimes is not eligible for a sentence modification under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. His application for such a modification is therefore denied.

So ordered.

John Gleeson, U.S.D.J.

Dated: May 4, 2012
      Brooklyn, New York