UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

UNITED STATES OF AMERICA,

                              Plaintiff,

- versus -

CARF FLAHARTY,

                              Defendant.

ORDER

98-CR-420 (JG)

JOHN GLEESON, United States District Judge:

       Carf Flaharty moves to modify his Presentence Investigation Report ("PSR") pursuant to Rule 36 of the Federal Rules of Criminal Procedure. For the reasons explained below, the motion is denied.

## BACKGROUND

       On November 12, 1999, Flaharty was sentenced to two concurrent life sentences, after a jury convicted him of engaging in a continuing criminal enterprise ("CCE"), in violation of 21 U.S.C. § 848, and conspiracy to distribute narcotics within 1,000 feet of an elementary school, in violation of 21 U.S.C. §§ 846 and 860.[1]

       Flaharty moves to amend his PSR on the ground that it incorrectly applied a four-level role adjustment pursuant to Section 3B1.1 of the United States Sentencing Commission Guidelines Manual ("U.S.S.G."). Flaharty premises his argument on application note 1 to the CCE guideline, U.S.S.G. § 2D1.5, which provides that the court should "not apply any

---

[1] Flaharty was initially sentenced to three concurrent life sentences. *See* Judgment dated Nov. 17, 1999 (ECF No. 171). However, the Second Circuit reversed Flaharty's conviction for conspiracy to distribute narcotics, on the ground that it was a lesser-included offense of the CCE count. *See United States v. Flaharty*, 295 F.3d 182 (2d Cir. 2002). Accordingly, on remand, I dismissed the narcotics conspiracy count, leaving only the two convictions (and life sentences) for CCE and conspiracy to distribute narcotics within 1,000 feet of a school. *See* Am. Judgment dated Nov. 20, 2002 (ECF No. 221); Am. Judgment dated Dec. 9, 2003 (ECF No. 225).

adjustment from Chapter Three, Part B (Role in the Offense)" when calculating the total offense level under the CCE guideline.

## DISCUSSION

Rule 36 allows the court, "at any time," to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 32 specifies that a party must object to a presentence report, including objections relating to sentencing guidelines ranges, "[w]ithin 14 days after receiving" the report. Fed. R. Crim. P. 32. The PSR in this case was prepared on July 6, 1999.

Even if I were to forgive Flaharty's delay in objecting to the PSR nearly 13 years outside the time strictures of Rule 32, his objection has no merit. The PSR assessed a three-level adjustment for Flaharty's managerial role in the offense on the narcotics distribution count, but no such adjustment was made for Flaharty's CCE count. Thus, the PSR accorded with the CCE guideline's instruction not to apply a role adjustment in calculating the CCE total offense level. *See* U.S.S.G. § 2D1.5, app. note 1.

## CONCLUSION

Accordingly, Flaharty's motion to amend his PSR is denied as both untimely and without merit.

So ordered.

John Gleeson, U.S.D.J.

Dated: June 21, 2012
      Brooklyn, New York